UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

TYNEARIA VARLACK,

                              Plaintiff,

        -against-

CITY OF NEW YORK, MATTHEW TIERNAN,
Individually, MATTHEW LEWIS, Individually,
JEFFREY SMITH, Individually, AARON KLEIN,
Individually, ROBERT BRACERO, Individually,
and JOHN and JANE DOE 1 through 10, Individually
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                              Defendants.

-------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

13 CV 116
(NGG) (VMS)

<u>Jury Trial Demanded</u>

Plaintiff TYNEARIA VARLACK, by her attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff asserts supplemental state law claims pursuant to common law and the New York State Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff TYNEARIA VARLACK is a twenty-four year old woman residing in Queens, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, MATTHEW TIERNAN, MATTHEW LEWIS, JEFFREY SMITH, AARON KLEIN, ROBERT BRACERO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.  Defendants Klein and Bracero held the supervisory ranks of Sergeant at all times alleged herein.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

2

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the CITY OF NEW YORK.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On October 12, 2011, at approximately 1:10 p.m., plaintiff, a dark skinned female, who stands 5' 6" tall, walked to the bust stop for the Q40 bus on the corner of Rockaway Boulevard and 142nd Street, Queens, New York, where she waited for approximately five minutes for the bus to arrive.  Plaintiff had committed no crimes or offenses, and was lawfully present at said location.

13.     Plaintiff boarded the bus.

14.     The bus drove a short distance to the vicinity of 142nd Street and Linden Boulevard when defendant NYPD officers MATTHEW TIERNAN, MATTHEW LEWIS, JEFFREY SMITH, and AARON KLEIN entered said bus and ordered plaintiff to stand up.

15.     Plaintiff responded in sum and substance, what did I do?

16.     One of the aforementioned officers, in the presence of the others, responded by stating, you know what you did, and without justification, authority or any privilege, defendants MATTHEW TIERNAN, MATTHEW LEWIS, JEFFREY SMITH, and AARON KLEIN participated in grabbing plaintiff, punching her in the face and neck, and throwing her to the floor causing her face to strike the floor, resulting in injuries to claimant's face, mouth, teeth, neck and back.

17.     Defendant officers MATTHEW TIERNAN, MATTHEW LEWIS, JEFFREY

3

SMITH, and AARON KLEIN assisted in handcuffing plaintiff and escorting her off the bus.

18.     Once off the bus, defendant officers MATTHEW TIERNAN, MATTHEW LEWIS, JEFFREY SMITH, and AARON KLEIN participated in pushing plaintiff into a gate, and then into a police vehicle, or otherwise stood by and watched while this occurred and did nothing to intervene, despite having a reasonable opportunity to do so.

19.     Upon information and belief, defendants MATTHEW TIERNAN, MATTHEW LEWIS, JEFFREY SMITH, and AARON KLEIN claim they were looking for a tall, light skinned male subject.  Conversely, plaintiff, is a medium height, dark skinned, female.

20.     The officers knew or should have known that they had unreasonably and otherwise unlawfully seized plaintiff.

21.     Defendant NYPD Sergeant ROBERT BRACERO falsified information to support the false arrest of plaintiff and to help cover up and conspire with defendant officers MATTHEW TIERNAN, MATTHEW LEWIS, JEFFREY SMITH, and AARON KLEIN's abuse of authority by, among other things, falsely claiming that he observed plaintiff get on the bus after watching her run from a location that was purportedly under investigation.

22.     Notwithstanding the lack of any probable cause to believe that plaintiff had committed any crime, plaintiff was imprisoned in defendant AARON KLEIN's police vehicle and transported to the 113th Police Precinct.

23.     Once at the precinct, plaintiff was questioned by a defendant JOHN DOE officer, in the presence of several other JOHN DOE officers, some of whom held supervisory ranks.

24.     Plaintiff repeatedly stated that she was female and that she had not done anything wrong.

25.     In addition, a separately apprehended individual who was, upon information and

4

belief, involved in the incident the defendant officers were investigating, stated in the presence of the JOHN DOE officers that he did not recognize plaintiff.

26.     Despite lacking probable cause and now possessing exculpatory information, the defendant officers continued to imprison plaintiff without probable cause.

27.     After a period of time, plaintiff was transported in police custody to Queens Hospital Center.

28.     At the hospital, plaintiff complained, *inter alia*, of facial, tooth, neck and back pain due to the unreasonable use of force by the defendant officers on the bus.

29.     After receiving treatment, plaintiff was transported back to the 113th Precinct, where the officers continued to unlawfully imprison her until approximately 7:00 a.m., when she was transported still under arrest to Queens Central Booking.

30.     Plaintiff remained imprisoned at Queens Central Booking until October 13, 2011 at approximately 11:00 a.m., when she was released without being charged with any crimes or offenses after the Queens District Attorney's Office reviewed the defendants' version of the false arrest and declined to prosecute plaintiff.

31.     Defendants AARON KLEIN and ROBERT BRACERO, who held the rank of Sergeant, supervised defendants MATTHEW TIERNAN, MATTHEW LEWIS, JEFFREY SMITH, and JOHN and JANE DOE 1 through 10 approved of, oversaw, and participated in the arrest of plaintiff (and as to Klein, the use of force during her arrest), as well as in the cover up of the incident, which should have been reported or caused to be reported by the defendant officers to the NYPD Internal Affairs Division ("IAD") for an investigation due to plaintiff's injuries sustained while in police custody, but, upon information and belief, was not.

32.     All of the above occurred as a direct result of the unconstitutional policies,

customs or practices of the CITY OF NEW YORK, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, due to discrimination against plaintiff based on her race; and pursuant to *de facto* polices and practices of falsification and of not adequately reporting to IAD when prisoners are injured in NYPD custody.

33.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's IAD and CCRB) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force; improperly use excessive force; improperly abuse their authority to arrest individuals in an attempt to cover up their use of excessive force and abuse of authority; that they engage in a practice of falsification; and that incidents involving injured prisoners, which are required to be reported to IAD, are under or otherwise inadequately reported.

34.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

35.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY OF NEW YORK has retained these officers, and failed to adequately train and supervise them.

36.     As a result of the foregoing, plaintiff TYNEARIA VARLACK sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of her liberty and her constitutional rights.

6

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Against Defendants Tiernan, Lewis, Smith, Klein and Bracero Under 42
U.S.C. § 1983)

37.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "36" with the same force and effect as if fully set forth herein.

38.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

39.     All of the aforementioned acts deprived plaintiff TYNEARIA VARLACK of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

40.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

41.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

42.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

43.     As a result of the foregoing, plaintiff TYNEARIA VARLACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

7

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment Against Defendants Tiernan, Lewis, Smith, Klein and Bracero under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants arrested plaintiff TYNEARIA VARLACK without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

46.     Defendants caused plaintiff TYNEARIA VARLACK to be falsely arrested and unlawfully imprisoned.

47.     As a result of the foregoing, plaintiff TYNEARIA VARLACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force Against Defendants Tiernan, Lewis, Smith and Klein under 42 U.S.C. § 1983)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     The level of force employed by the defendants MATTHEW TIERNAN, MATTHEW LEWIS, JEFFREY SMITH, and AARON KLEIN was excessive, objectively unreasonable and otherwise in violation of plaintiff TYNEARIA VARLACK'S constitutional rights.

50.     As a result of the aforementioned conduct of defendants MATTHEW TIERNAN,

8

MATTHEW LEWIS, JEFFREY SMITH, and AARON KLEIN, plaintiff TYNEARIA VARLACK was subjected to excessive force and sustained physical injuries.

51.     As a result of the foregoing, plaintiff TYNEARIA VARLACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause Against Defendants Tiernan, Smith, Lewis, Klein and Bracero under 42 U.S.C. § 1983)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     The defendants seized, assaulted, battered detained, arrested and imprisoned plaintiff TYNEARIA VARLACK, because of her national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

54.     As a result of the foregoing, plaintiff TYNEARIA VARLACK was deprived of her rights under the Equal Protection Clause of the United States Constitution.

55.     As a result of the foregoing, plaintiff TYNEARIA VARLACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Intervene Against Defendants Tiernan, Lewis, Smith, Klein and Bracero under 42 U.S.C. § 1983)

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

9

paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     Defendants had an affirmative duty to intervene on behalf of plaintiff TYNEARIA VARLACK, whose constitutional rights were being violated in their presence by other officers.

58.     The defendants failed to intervene in some or all of the above acts thus failing to prevent the unlawful conduct described herein.

59.     As a result of the foregoing, plaintiff TYNEARIA VARLACK was subjected to excessive force, her liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints, and detained without probable cause.

60.     As a result of the foregoing, plaintiff TYNEARIA VARLACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Supervisory Liability Against Defendants Klein and Bracero under 42 U.S.C. § 1983)

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     The supervisory defendants AARON KLEIN and ROBERT BRACERO personally caused plaintiff TYNEARIA VARLACK'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

63.     As a result of the foregoing, plaintiff TYNEARIA VARLACK is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Municipal Liability/*Monell* Claim Against Defendant City of New York under 42 U.S.C. § 1983)

64.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

66.  The aforementioned customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK Police Department included, but were not limited to, subjecting individuals to excessive force; unlawfully stopping, seizing and arresting individuals; and engaging in falsification and/or cover ups of abuse of authority.  In addition, said practices are disproportionately employed against African American and/or other minority individuals.

67.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff TYNEARIA VARLACK'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

68.  The foregoing customs, policies, usages, practices, procedures and rules of the

11

CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff TYNEARIA VARLACK.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff TYNEARIA VARLACK as alleged herein.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff TYNEARIA VARLACK as alleged herein.

71.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff TYNEARIA VARLACK was seized, subjected to excessive force, falsely arrested and imprisoned.

72.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff TYNEARIA VARLACK'S constitutional rights.

73.     All of the foregoing acts by defendants deprived plaintiff TYNEARIA VARLACK of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from the use of excessive force;

      C.     To be free from false arrest

D.      To receive equal protection under law; and

E.      To be free from failure to intervene.

74.     As a result of the foregoing, plaintiff TYNEARIA VARLACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

<u>**Supplemental State Law Claims**</u>

75.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

77.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

78.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

79.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
<u>(False Arrest Against All Defendants Under New York Law)</u>

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

13

81.     Defendants arrested plaintiff without probable cause.

82.     Plaintiff was detained against her will for an extended period of time and subjected to physical restraints.

83.     As a result of the aforementioned conduct, plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

84.     As a result of the aforementioned conduct, plaintiff suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

85.     As a result of the foregoing, plaintiff TYNEARIA VARLACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Assault Against All Defendants Under New York Law)

86.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     As a result of the foregoing, plaintiff TYNEARIA VARLACK was placed in apprehension of imminent harmful and offensive bodily contact.

88.     As a result of defendants MATTHEW TIERNAN, MATTHEW LEWIS, JEFFREY SMITH, and AARON KLEIN's conduct, plaintiff TYNEARIA VARLACK has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

89.     As a result of the foregoing, plaintiff TYNEARIA VARLACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

14

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Battery Against All Defendants Under New York Law)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Defendants made offensive contact with plaintiff without privilege or consent.

92.     As a result of defendants MATTHEW TIERNAN, MATTHEW LEWIS, JEFFREY SMITH, and AARON KLEIN's conduct, plaintiff has suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

93.     As a result of the foregoing, plaintiff TYNEARIA VARLACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress Against All Defendants Under New York Law)

94.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

96.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

97.     The aforementioned conduct was committed by defendants while acting in

15

furtherance of their employment by defendant CITY OF NEW YORK.

98.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

99.     As a result of the aforementioned conduct, plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

100.    As a result of the foregoing, plaintiff TYNEARIA VARLACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention Against Defendant City Under New York Law)

101.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff.

103.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

104.    As a result of the foregoing, plaintiff TYNEARIA VARLACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Training and Supervision Against Defendant City Under New York Law)

105.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of and excessive use of force against plaintiff.

107.    As a result of the foregoing, plaintiff TYNEARIA VARLACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligence Against All Defendants Under New York Law)

108.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

110.    As a result of the foregoing, plaintiff TYNEARIA VARLACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (*Respondeat Superior* Liability Against Defendant City Under New York Law)

111.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "110" with the same force and effect as if fully set forth herein.

112.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

113.    As a result of the foregoing, plaintiff TYNEARIA VARLACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §11 Against All Defendants)

114.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "113" with the same force and effect as if fully set forth herein.

115.    As a result of defendants' conduct, plaintiff was deprived of her right to equal protection of laws.

116.    As a result of the foregoing, plaintiff TYNEARIA VARLACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Violation of NYS Constitution Article 1 §12 Against All Defendants)

117.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    As a result of defendants' conduct, plaintiff was deprived of her right to security against unreasonable searches, seizures, and interceptions.

119.    As a result of the foregoing, plaintiff TYNEARIA VARLACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

WHEREFORE, plaintiff TYNEARIA VARLACK demands judgment and prays for the

following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined

        by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       February 11, 2014

                          LEVENTHAL & KLEIN, LLP
                          Attorneys for Plaintiff TYNEARIA VARLACK
                          45 Main Street, Suite 230
                          Brooklyn, New York 11201
                          (718) 722-4100

                          By:     _____
                                  BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

TYNEARIA VARLACK,

                                      Plaintiff,

            -against-

CITY OF NEW YORK, MATTHEW TIERNAN,
Individually, MATTHEW LEWIS, Individually,
JEFFREY SMITH, Individually, AARON KLEIN,
Individually, ROBERT BRACERO, Individually,
and JOHN and JANE DOE 1 through 10, Individually
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                     Defendants.

--------------------------------------------------------------------------------X

13 CV 116
(NGG) (VMS)


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100